20-2946-cv
*Futia v. Westchester County Board of Legislators*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-one.

PRESENT:     JOHN M. WALKER, JR.,
             DENNY CHIN,
                     *Circuit Judges*,
             PAUL A. ENGELMAYER,
                     *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ANTHONY FUTIA, JR., ROBERT L. SCHULZ,
                     *Plaintiffs-Appellants,*


          -v-                                          20-2946-cv


WESTCHESTER COUNTY BOARD OF
LEGISLATORS, BENJAMIN BOYKIN, II, Chairman,
HARRISON TOWN BOARD, RON BELMONT,
Supervisor,
                     *Defendants-Appellees.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

        \*        Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLANTS:  ROBERT L. SCHULZ, *pro se*, Queensbury, New York, and Anthony Futia, Jr., *pro se*, North White Plains, New York.

FOR DEFENDANTS-APPELLEES WESTCHESTER COUNTY BOARD OF LEGISLATORS AND BENJAMIN BOYKIN, II:  DAVID H. CHEN, Deputy County Attorney, Appeals, *for* John M. Nonna, Westchester County Attorney, White Plains, New York.

FOR DEFENDANTS-APPELLEES HARRISON TOWN BOARD AND RON BELMONT:  RICHARD S. FINKEL, Bond, Schoeneck & King PLLC, Garden City, New York.

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Anthony Futia, Jr. and Robert L. Schulz (together, "plaintiffs") appeal the district court's judgment, entered August 7, 2020, dismissing their claims against defendants-appellees the Westchester County Board of Legislators and its chairman Ben Boykin, II, and the Harrison Town Board and its supervisor Ron Belmont (collectively, "defendants")[1] for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule

---

[1]  In their opposition to the defendants' motion to dismiss, plaintiffs clarified that they were not suing Boykin or Belmont, and the district court accordingly dismissed the claims against those defendants.  Plaintiffs do not contest those dismissals on appeal.

2

12(b)(6).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiffs' federal claims are based on their allegations that defendants violated the Guarantee Clause of the United States Constitution by voting to increase compensation for elected officials during the term for which they were elected, which deprived plaintiffs of a republican form of government.  Plaintiffs further allege that defendants' failure to respond to the petitions they submitted to complain about this pay increase violated their rights under the Petition Clause of the First Amendment. They also allege claims under state and local law.[2]

"When reviewing the dismissal of a complaint for lack of subject matter jurisdiction" under Rule 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo*."  *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (reviewing dismissal of complaint for lack of standing under Rule 12(b)(1) *de novo*).  We also review *de novo* the dismissal of a complaint for failure to state a claim under Rule 12(b)(6).  *Forest Park Pictures v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012).  Finally, we review a district court's decision declining to exercise supplemental

---

[2]  In an earlier appeal brought by these plaintiffs, we affirmed by summary order the district court's dismissal of similar claims.  *See Futia v. State of New York*, No. 19-286-cv (2d Cir. Nov. 24, 2020).  The Supreme Court denied plaintiffs' petition for a writ of certiorari on March 29, 2021.

jurisdiction over state law claims for abuse of discretion. *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006).

The district court did not err in finding that neither plaintiff had standing to sue the Harrison Town Board because neither is a resident of the Town of Harrison, and status as a state taxpayer alone is insufficient to establish standing. *See Bd. of Educ. of Mt. Sinai Union Free Sch. Dist. v. New York State Tchrs. Ret. Sys.*, 60 F.3d 106, 110 (2d Cir. 1995) ("State taxpayers, like federal taxpayers, do not have standing to challenge the actions of state government simply because they pay taxes to the state."). Further, the district court correctly held that Schulz, who does not live in Westchester County, does not have standing to sue the Westchester County Board of Legislators because he does not have a "direct and immediate" relationship with the County sufficient to confer standing. *See id.* at 110-11.

The district court also did not err in dismissing plaintiffs' Guarantee Clause claim for lack of subject matter jurisdiction because the claim presents nonjusticiable political questions, such as local government budget allocation. *See, e.g.*, *Rucho v. Common Cause*, 139 S. Ct. 2484, 2506 (2019) ("This Court has several times concluded . . . that the Guarantee Clause does not provide the basis for a justiciable claim."). The district court also did not err in dismissing plaintiffs' Petition Clause claim for failure to state a claim, because the right to petition the state does not mean there is a right to a response. *See Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1986).

4

The Supreme Court's broad discussion of the Petition Clause in *Knight*, contrary to plaintiffs' claim, was not limited to public employees or policy complaints. *See id.* ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the right[] to . . . petition require[s] government policymakers to listen or respond to *individuals*' communications on *public issues*." (emphasis added)). Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims. *See Klein & Co. Futures, Inc.*, 464 F.3d at 262 ("It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

We have considered plaintiffs' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5